Morgan, J.
For the reasons assigned by the district judge, the judgment of the district court is affirmed with costs.
Reasons of the Judge a Quo.
On the nineteenth day of January, 1869, the Commercial Bank of New Orleans sold the city of New Orleans all of the property belonging to the waterworks constructed, by said bank. This sale was made in conformity to the award of five arbitrators chosen by the bank and five by the city, in accordance with the provisions of section 42 of the act incorporating said bank, April 1, 1833.
The price was fixed at one million three hundred and ninety-three thousand four hundred dollars, payable in' bonds of the city of New Orleans, running thirty years and bearing five per cent, interest.
This act of sale was made before the official notary of the city, who caused it to be recorded in the office of the register of conveyances, and also in the office of the recorder of mortgages. This last was calculated to preserve a registry of the vendor’s privilege in favor of the Commercial Bank.
In May, 1870, the city of New Orleans came into this court and took proceedings against the recorder of mortgages and the Commercial Bank, to have the registry in the recorder’s office canceled. The city insisted that there had been no stipulation of mortgage in the act, and that the bank, having received the bonds, was not entitled to the vendor’s privilege.
*287 There being no opposition, a judgment -was rendered ordering the cancellation of the registry. This judgment was signed May 27, 1870. June 3, seven days thereafter, Sam Smith & Co., the present plaintiffs, filed a petition of intervention, setting forth the same allegations urged in the petition in this case; the interveuors being too late to have the case reopened, this direct action was brought.
The plaintiffs aver that they are holders and owners of bonds issued for payment of the waterworks as aforesaid, to the amount of seventy-five thousand, which bonds are payable to the Commercial Bank or bearer, and were purchased by petitioners with all rights thereto appertaining.
The plaintiffs further allege “ that the sale of said waterworks by said Commercial Bank of New Orleans to the city of New Orleans was duly registered by the register of conveyances and recorded by the recorder of mortgages; and that, from the nature of the contract and by effect of law, the vendor’s lien and privilege attached to said property in favor of the Commercial Bank and its vendees and assignees of the bonds.”
This action is therefore-brought against the city of New Orleans and the recorder of mortgages to enforce the reinseription of the act in the office of the recorder of mortgages, to the end that it shall operate as a record of the vendor’s lien and privilege.
The city in its answer insists that the nature and terms of the contract did not preserve to the Commercial Bank the vendor’s lien and privilege.
Article 3249 of the Civil Code provides that the vendor shall have a privilege on immovables sold by him, for the'payment of the price, or so much of it as is unpaid, whether it was sold on or without credit.
The vendor’s privilege need not be expressly stipulated. <cIt is a right which springs from the nature of the debt, and by force of law is embodied in the contract unless it be renounced.” 3 An. 600. Although the vendor may not have stipulated a mortgage in the contract of sale for security of the balance unpaid, still the vendor’s privilege remains. The vendor will still have this lien though he expressly renounce his special mortgage. 3 La. 112. The vendor’s privilege confers rights superior to those which flow from a mortgage. It gives to the vendor, in addition to the right to have the property sold to pay the price, a right to the rescission of the sale on the nonpayment of the price. 3 An. 600. 12 Robinson, 279.
The vendor’s lien and privilege may, however, be renounced. As the privilege need not be stipulated in the act of sale, but results from the nature of the debt, so it need not be expressly renounced, but may be implied from the terms of the instrument. 3 An. 600. This impli • cation must, however, be clear.
*288 The city of New Orleans insists that the Commercial Bank, having received bonds in payment of the price of the waterworks, must be considered as having renounced the privilege. In the case of Boujeat v. Smith, 16 O. S. 467, the court held that in a sale where mortgage notes were given in payment, the words were to be taken with reference to other parts of the act, and were not sufficient to justify the supposition that the privilege had been renounced.
If, however, from the terms of the contract of sale, it appears that the vendor actually received notes in payment of the price, and intended to release the purchaser, the debt will be considered as novated and the privilege discharged. 2 An. 175; 4 An. 543.
A careful examination of this act of sale of the waterworks satisfies me that there is clearly an implied renunciation of the vendor’s privilege, or rather that the vendor’s privilege did not inure from the terms of the contract. The charter of the Commercial Bank, passed in 1833, as aforesaid, provided that at any time after thirty-five years, the city should have the right to purchase the waterworks which the Bank was authorized to construct. Section 42 of the act, after determining the mode of selecting the arbitrators who were to fix the price should the city elect to buy, provides: “And the amount so agreed upon shall be payable in the bonds of the mayor, aldermen and inhabitants of New Orleans, bearing an interest of five per centum per annum, payable thereon semi-annually, and redeemable in not less than ten nor more than thirty years from the day on which said award shall be signed, and the said waterworks delivered over to said corporation of New Orleans.”
This provision is referred to in the act of sale. The language is: “And the said sums payable in the bonds of the city of New Orleans.” Again: “ The sale is made and accepted for-, the amount agreed upon, in settlement of which,” etc.
There is a wide difference between the bonds issued as these were, in the name of and payable by an important political corporation, and an individual promissory note. Bonds are commercial securities, and have characteristics of currency. They do not depend for their value upon the thing for which they were given.
So it seems to me that, in this contract of sale where payment was made in bonds, it was as if the price had been paid in current money; the language of the act upon which the contract was based, and the act itself, implies such intention, and indicates that it was intended to give a full discharge of the debt, without the reservation of any lieu or privilege to secure the payment of the bonds at maturity.
It is therefore ordered that there be judgment for the defendants, and that the plaintiffs’ demand be rejected with costs.